IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 1:14-CR-00015-LO-2 |
| RAY ALLEN DICKS, | ) Hon. Liam O'Grady |
| *Defendant-Petitioner.* | ) |

## MEMORANDUM OPINION

Ray Allen Dicks, an inmate proceeding *pro se*, has filed a motion to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 130). The Government has filed a response in opposition (Dkt. No. 137), to which Mr. Dicks has replied (Dkt. No. 138). For the reasons stated below, and for good cause shown, the motion is hereby DENIED and the corresponding petition for a writ of habeas corpus is hereby DISMISSED.

### I. BACKGROUND

On May 19, 2014, a jury found Mr. Dicks guilty of conspiracy to commit robbery affecting interstate commerce ("Hobbs Act robbery" under 18 U.S.C. § 1951(a)). (Dkt. No. 73). Specifically, he was convicted of conspiring to rob a Safeway supermarket in Alexandria, Virginia in November 2013. During the robbery, one of Mr. Dicks's co-conspirators noticed a patron, who had a license to carry a concealed weapon, reaching for his gun. The co-conspirator then took the gun away from the patron. He later fired a shot at the patron. The bullet grazed the patron's torso and caused him bodily injury.

1

For this crime, the Court sentenced Mr. Dicks to 144 months imprisonment and 3 years of supervised release. The Presentence Investigation Report found that, under the United States Sentencing Guidelines (the "Guidelines" or "USSG") § 2B3.1, Mr. Dick's base offense level was 20. On top of that, seven levels were added for a firearm being discharged during the robbery, two levels were added for a victim sustaining bodily injury, and one level was added for a firearm being taken. *See* USSG § 2B3.1(b). Thus, his total offense level was listed at 30. With a category III criminal history, this led to a Guideline range of 121-151 months. Although Mr. Dicks's counsel, Adam Krischer, argued for a downward departure, the Court found that a sentence within the range was appropriate. Neither party raised any material objections to the Presentence Investigation Report.[1]

Mr. Dicks appealed his conviction to the Fourth Circuit, which affirmed the guilty verdict in an unpublished per curiam opinion. (Dkt. No. 116).

## II. LEGAL STANDARD

A petitioner is entitled to relief under 28 U.S.C. § 2255 if he demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. When considering a § 2255 motion, a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle her to relief." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992).

The Sixth Amendment gives Mr. Dicks a right to effective assistance of counsel at his sentencing hearing. *Glover v. United States*, 531 U.S. 198 (2001). Claims of ineffective

---

[1] Counsel for Mr. Dicks did seek to modify a biographical error contained in the PSI relating to Mr. Dicks's departure from Dunbar High School. *See* Tr. of Sentencing Hrg. at 3 (Jul. 18, 2014) (Dkt. No. 114).

2

assistance of counsel are properly brought in a § 2255 motion. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel. The first prong of the *Strickland* test requires a showing that counsel failed to provide reasonably effective assistance; that is, that counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the defendant to show prejudice. *Id.* at 694. Under this prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The burden of proving both prongs is on the petitioner who seeks to challenge the conviction, and the petitioner must prove both prongs by a preponderance of the evidence. *Id.* at 696-97; *Berry v. United States*, 884 F. Supp. 2d 453, 457 (E.D. Va. 2012).

## III. DISCUSSION

Mr. Dicks brings this motion to vacate his sentence pursuant to 18 U.S.C. § 2255. He states three bases for his motion. First, he argues that his counsel was ineffective because he did not object to the pre-sentence investigation report, which set Mr. Dicks's base offense level pursuant to § 2B3.1 of the Guidelines. Second, and largely overlapping with the first argument, he asserts that "Counsel was ineffective when he provided erroneous advice and failed to object to base offense level 2B3.1 (Robbery) when Petitioner was never convicted of Hobbs Act Robbery . . ." Pet. Mot. at 10–11 (Dkt. No. 130). Third, he asserts that the Court "committed plain error when it failed to correct PSR containing the suggestion to use base offense level 2B3.1." These arguments are all unavailing.

3

Mr. Dicks's arguments are all completely refuted by the fact that it was entirely appropriate to calculate Mr. Dicks's base offense level under the Hobbs Act robbery provisions set forth in Section 2B3.1 of the Guidelines.

Mr. Dicks was convicted of conspiracy to commit Hobbs Act robbery. *See* 18 U.S.C. § 1951(a). Section 2X1.1 governs the base level offenses for conspiracy convictions of this nature. It reads: "Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1. In this case, the underlying "substantive offense" for which Mr. Dicks was convicted is Hobbs Act robbery. 18 U.S.C. § 1951. This offense is explicitly governed by Section 2B.3.1 which sets the base offense level at 20, as reflected in the Presentence Investigation Report. This calculation is straightforward, appropriate, and it is precisely the analysis that the Court used in determining Mr. Dicks's sentence.

In an attempt to undercut this calculation, Mr. Dicks writes: "During sentencing hearing, defense counsel failed to note plain language contained in 1B1.1, 1B1.2, 2X1.1, 2X5.1, and 2T1.9 which shows that Petitioner should have been sentenced under analogous statute and guidelines of 18 U.S.C. 371 and 2T1.9 (conspiracy)." Pet. Mot. at 10. Mr. Dicks's citations to these other Guidelines sections are all unavailing. Section 1B1.1 simply provides general application principles. Section 1B1.2(a) states that, if an offense involved a conspiracy, the Court should refer to Section 2X1.1 in addition to the guideline referenced in the statutory index. As quoted above, Section 2X1.1 simply refers the Court to the substantive offense and provides no independent base level from which to calculate a sentence. Thus, it does nothing to help Mr. Dicks's argument.

4

Separately, Section 2X5.1 only applies if "the substantive offense is not covered by a specific guideline." U.S.S.G. § 2X1.1, App. Note 3. Because the substantive offense (Hobbs Act robbery) is covered by Section 2B3.1, this section is not applicable. Finally, Section 2T1.9, titled "Conspiracy to Impede, Impair, Obstruct, or Defeat Tax," references conspiracies to "defraud the United States" under 18 U.S.C. § 371. However, the Guidelines' provisions for sentencing in tax fraud conspiracy cases play no part in the sentencing for conspiracy to commit Hobbs Act robbery. In short, Mr. Dicks's citations suggest that he was convicted for a crime other than Hobbs Act robbery. Because this is not the case, his arguments are rejected.

Having reached that legal conclusion, the "ineffective assistance" and "clear error" arguments must be rejected. Under *Strickland*, the Court simply cannot find that defense counsel's actions fell below an objective level of reasonableness when he failed to make an argument that had no support in the Guidelines or the law. *Strickland v. Washington*, 466 U.S. 668, 687–690 (1984). Along these same lines, Mr. Dicks cannot show that he has suffered any prejudice. As the previous discussion shows, even if defense counsel had made these arguments, the Court would have rejected them at the sentencing hearing, just as it rejects them now.

The "clear error" argument similarly fails for many reasons. Initially, "clear error" is not the appropriate standard for a Section 2255 motion. *See United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, petitioner must meet the "cause and actual prejudice" standard. *Id.* Under the applicable Fourth Circuit law, he cannot do so. *See United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) ("[M]isapplication of sentencing guidelines does not amount to a miscarriage of justice."); *United States v. Foote*, 784 F. 3d 931, 940 (4th Cir. 2015) ("Barring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding.") (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th

5

Cir. 1999)). Thus, even if the Court had committed clear error (the discussion above explains why it did not), the time for that argument was on direct appeal, and Mr. Dicks may not raise it now in his collateral attack.

### III. CONCLUSION

For the reasons stated above, the Court DENIES the motion to vacate, set aside, or amend Mr. Dicks's sentence. An appropriate order shall issue.

May 2, 2017
Alexandria, Virginia

/s/ Liam O'Grady
United States District Judge